UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
UNITED STATES OF AMERICA,                                          :   **ORDER DENYING MOTION**
                                                                   :   **FOR RELEASE**
    -against-                                  :
                                                                   :   10 Cr. 863 (AKH)
PATRICK DARGE,                                                     :
                                                                   :
                              Defendant. :
                                                                   :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        In May 2012, Defendant Patrick Darge pled guilty pursuant to a plea agreement with the government to one count of using a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(j)(1); two counts of murder in connection with a drug trafficking crime in violation of 21 U.S.C. § 841(e)(1)(A) and 18 U.S.C. § 2; and one count of committing a murder for hire in violation of 18 U.S.C. § 1958. *See* ECF Nos. 191, 192. I sentenced Darge to 30 years' imprisonment, to be followed by a five-year term of supervised release. ECF No. 192. Darge has served around nine and one-half years of his sentence, and is presently scheduled to be released in 2036. Now before the Court is Darge's motion, dated June 8, 2020, and filed on ECF June 17, 2020, seeking to be released on home confinement under 18 U.S.C. § 3582(c). *See* ECF No. 225. The government opposes. *See* ECF No. 228. Darge's motion is denied.

        Section 3582 of Title 18 of the U.S. Code permits a court to reduce a term of imprisonment after considering the 18 U.S.C. § 3553(a) factors and finding that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The relevant policy statement provides that a reduction is allowed if "[e]xtraordinary and compelling reasons warrant the reduction" and "defendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. So far as is pertinent here, the Application Notes to that policy statement provide that a defendant can make a showing of an "extraordinary and compelling reason" by demonstrating severe medical infirmity as follows:

> (A) Medical Condition of the Defendant.——
>
>> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is——
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1. Darge "bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582." *United States v. Garcia*, No. 18 Cr. 802, 2020 WL 2468091, at *2 (S.D.NY. May 13, 2020); *accord United States v. Ebbers*, 432 F.Supp.3d 421, 426 (S.D.N.Y. 2020) (*citing United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

Reducing Darge's sentence is not warranted here for three independent reasons: First, Darge is a danger to the community and as such a reduction would be inconsistent with the Sentencing Commission's policy statements. Second, a reduction would be inconsistent with the factors set forth in Section 3553(a). Third, Darge has not demonstrated that he suffers from any

condition or conditions known to exacerbate the threat of COVID-19, or that otherwise rises to a condition that diminishes his ability to receive care in prison, and accordingly has failed to meet his burden of stating an extraordinary and compelling reason for his release.

I begin with the third reason, because it is the most straightforward. Darge claims that he should be released because he suffers from both "bronchitis" and "allergies." The Center for Disease Control ("CDC") lists "chronic bronchitis" as a condition known to increase the risk of COVID-19 complications, *see* Center for Disease Control and Prevention, People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (updated June 25, 2020), Darge's medical records indicate that he suffered from *acute* bronchitis in 2014, but does not otherwise suffer from chronic bronchitis. *See* ECF No. 228, Ex. 3 (sealed) at 146-47. Neither acute bronchitis nor allergies are listed as COVID-19 risks by the CDC and Darge has provided no evidence that his prior case of bronchitis or allergies are independently severe enough to rise to a the level of "substantially diminish[ing] the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he … is not expected to recover," U.S.S.G. § 1B1.13, Application Note 1, particularly considering the fact that Darge is only 47 years old and the fact that there are presently no active cases of COVID-19 in Darge's correctional unit. *See United States v. Gileno*, --- F.Supp.3d ---, 2020 WL 1307108, at *3-4 (denying compassionate release to defendant with anxiety, high blood pressure, asthma, and "allergies"); *United States v. Batista*, No. 19 Cr. 2, 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020) ("According to the [CDC], adults aged 65 years or older .. may be at higher risk for a severe illness from COVID-19.").

Next, the policy statement.  Simply put, Darge is a danger to the community.  Darge was convicted of a brutal double-murder, committed in connection with a large-scale drug transaction, and carried out by Darge in his capacity as a hit-man.  *See* Trial Testimony of Darge, ECF No. 92, at 246, *et seq.*  Nor was this violent incident Darge's first foray into crime.  Darge had previously been convicted of attempted kidnapping in connection with drug-related activity and selling crack cocaine and heroin.  *See* ECF No. 94, at 354; *United States v. Patrick Darge, et al.*, No. 02 Cr. 1474.  No extended discussion is needed to explain how or why a criminal history that includes both murder (achieved by firing guns in a public space) and attempted kidnapping suggests that Darge poses a substantial risk to the community.  *See*, *e.g.*, *United States v. Butler*, 19 Cr. 834, 2020 WL 1689778, at *2 (Apr. 7, 2020) (denying compassionate release and finding the defendant a danger to community where defendant "brandished or fired gunshots in public spaces" and defendant's "criminal records reflect[] a pattern of violent and dangerous conduct"); *United States v. Martinez*, No. 12 Cr. 862, 2020 WL 2079542, at *2-3 (S.D.N.Y. Apr. 30, 2020) (denying compassionate where defendant was "alleged to have engaged in a violent [] shootout … which resulted in the death of a [victim]" and defendant's "criminal records reflects a pattern of dangerous conduct").

Last, the Section 3553(a) factors.  Reducing Darge's sentence would not "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," or, for the reasons outlined in the preceding paragraph, "protect the public from further crimes."  18 U.S.C. § 3553(a).  Murder-for-hire is as serious as serious gets.  But there's more:  Darge did not commit this murder alone; he enlisted the help of his cousin, which led to that cousin receiving a life sentence.  *See* ECF No. 197, at 35 ("I feel that you did something that was very bad in taking two people's lives, but enlisting others to help you as well.").  Further, that Darge has served just

4

nine or ten years of his thirty-year sentence makes sentence reduction all the more unwise. One does not promote respect for the law, or deter future crimes, by cutting a murder sentence by well over one-half. *See*, *e.g.*, *United States v. Seshan*, No. 14 Cr. 620, 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying motion for compassionate release where, *inter alia*, defendant had served only a small portion of the overall sentence); *United States v. Walter*, No. 18 Cr. 834, 2020 WL 1892063, at *3 (S.D.N.Y. Apr. 16, 2020) (same); *Butler*, 2020 WL 1689778, at *3 (same); *United States v. Ramos*, No. 14 Cr. 484, 2020 WL 1685812, at *2 (S.D.N.Y. Apr. 7, 2020) (same).

In sum, the motion for release is denied (ECF No. 225). The Clerk is hereby directed to close the motion.

SO ORDERED.

Dated:   July 1, 2020                                      _____/s/_____
         New York, New York                          ALVIN K. HELLERSTEIN
                                                 United States District Judge