UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
               :
UNITED STATES OF AMERICA,        :   **ORDER DENYING MOTION**
               :   **FOR COMPASSIONATE**
    -against-                     :   **RELEASE**
               :
PATRICK DARGE,                   :   10 Cr. 863 (AKH)
               :
                   Defendant.      :
               :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioner Patrick Darge pleaded guilty to murdering two drug dealers as a hitman in furtherance of a Bronx-based drug trafficking operation. He has served one-third of his 360-month sentence, which was imposed in March 2015. Darge moves *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). This is his second such motion; the first, in which Darge argued he was at high-risk for contracting COVID-19, was denied on July 21, 2020. ECF No. 229.

       Darge argues he is entitled to compassionate release for two reasons: first, that the frequent lockdowns because of COVID-19 outbreaks at Federal Correctional Institution Yazoo City Low, Mississippi, where he is in custody, has risked his physical health and caused him to "mentally deteriorat[e]," *see* Pet'r Br. at 1; and second, that his rehabilitation efforts, shown by the long list of program certificates and photos included with his motion, show he is "unlikely to commit future criminal acts or pose a danger to the community." *Id.* at 6. He considers himself to be a "changed individual with a positive attitude and a law-abiding member of society." *Id.* at 3.

       For the reasons discussed below, this second motion also is denied.

1

## LEGAL STANDARD

Because Darge exhausted his administrative remedies, his term of imprisonment is modifiable, but only if he demonstrates that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)A)(i). In evaluating an early release request, the district court must weigh the sentencing factors articulated in 18 U.S.C. § 3553(a) against these reasons and consider "whether compassionate release would undermine the goals of the original sentence." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020). The Court is bound by the applicable policy statements under U.S.S.G. § 1B1.13. *See United States v. Corbett*, No. 10 Cr. 184 (PAE), 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated.")

## DISCUSSION

I previously denied compassionate release on Darge's claim relating to physical health risks presented by COVID-19. *See* ECF No. 229 at 3. The present COVID-19 circumstances do not warrant a different outcome. Yazoo City Low has returned to normal operations, *see https://www.bop.gov/locations/institutions/yaz/*, and no institution is immune against possible medical lockdowns.

I cannot grant compassionate release on rehabilitation alone. *See* 28 U.S.C. 994(t). Darge's alleged claim of mental deterioration is a matter with which he, himself, has to cope. Although "experiencing deteriorating physical or mental health" is a fact that a court may consider, there is no indication that it is because of Darge's "aging process" or that it "substantially diminishes [his] ability to provide self-care." *See* U.S.S.G. § 1B1.13(b)(1). Besides, Darge's § 3553(a) factors weigh against compassionate release. Granting

2

compassionate release would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment." 18 U.S.C. § 3553(a). The crimes here—drug trafficking-related murder for hire and recruiting others to join him in a murder for hire conspiracy—were most serious. These crimes were preceded by Darge's attempted kidnapping and drug-related convictions. Further, the fact that Darge has served just a third of his total sentence would further undercut § 3553(a). *See, e.g., United States v. Seshan*, 14 Cr. 620 (JFK), 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying motion for compassionate release where defendant had served only a small portion of the overall sentence).

## CONCLUSION

Darge's motion for compassionate release is denied. The Clerk of Court shall terminate the open motion at ECF No. 243.

SO ORDERED.

Dated: February 1, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge